(No. 90-CC-2004–

CORNFIELD & FELDMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 7, 1990.*

*Order on motion to reconsider filed June 4, 1990.*

CORNFIELD & FELDMAN, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

Claimant, the law firm of Cornfield and Feldman, brought this claim on January 29, 1990, seeking payment

of $7,750 for legal services. In relevant part their complaint alleges as follows:

"1. That Claimant defended Illinois Department of Corrections employee Wilson Hoof in a cause entitled *Edward Buchannan v. Michael O'Leary, Warden at Stateville Correctional Center, Sergeant Wilson Hoof, prison guard at Stateville Correctional Center, and Various Unnamed Employees of Stateville Correctional Center*, No. 85 C 8883, such action having been brought under 42 U.S.C. §1983 in the United States District Court for the Northern District of Illinois.

2. That the Attorney General had declined to represent defendant Wilson Hoof in said lawsuit after determining that the acts allegedly giving rise to same, if proven to be true, would not have been within the scope of defendant Hoof's State employment, or would constitute intentional, willful or wanton misconduct, as prescribed Section 2(c) of the Representation and Indemnification of State Employees Act (Ill. Rev. Stat. 1985, ch. 127, §1302(c)). Defendant Hoof thereupon retained the services of the Claimant herein.

3. That the Attorney General did notify Claimant herein that if the above-referenced litigation concluded with a finding that Wilson Hoof is a prevailing party, his attorneys' fees due to Claimant would be reimbursed by the State of Illinois. (See letter to Jacob Pomeranz from Office of Attorney General, dated December 8, 1986, attached hereto as Exhibit 1).

4. That the cause against defendant Hoof was voluntarily dismissed with prejudice, and defendant Hoof was deemed to be the prevailing party in that action. (A copy of the District Court's dismissal Order is attached hereto as Exhibit 2).

5. That since the Attorney General declined to appear on behalf of. defendant Hoof in the subject lawsuit, and defendant Hoof was deemed to be the prevailing party in that action, he is entitled to indemnification by the State for reasonable attorneys' fees incurred in that legislation.

6. That the Claimant herein rendered services in the amount of $7,750.00 in defending Wilson Hoof as described above, such sum being reasonable for said representation, and the Respondent should reimburse the Claimant therefor. (Documentation supporting the time expended by the Claimant is attached hereto as Exhibit 3)."

On February 5, 1990, the Respondent filed a stipulation agreeing to our entering the award in the amount claimed. In relevant part the stipulation provided as follows:

1. That the Claimant is a law firm which defended Illinois Department of Corrections employee Wilson Hoof in a cause entitled, *Edward Buchannan v. Michael O'Leary, Warden at Stateville Correctional Center, Sergeant Wilson Hoof, prison guard at Stateville Correctional Center, and Various Unnamed Employees of Stateville Correctional Center*, No. 85 C

8883, such action having been brought under 42 U.S.C. §1983 in the United States District Court for the Northern District of Illinois.

2. That the Attorney General had declined to represent defendant Wilson Hoof in said lawsuit in accordance with section 2(c) of the Representation and Indemnification of State Employees Act (Ill. Rev. Stat. 1985, ch. 127, par. 1302(c)). Defendant Hoof thereupon retained the services of the Claimant herein.

3. That the cause against defendant Hoof was voluntarily dismissed with prejudice, and defendant Hoof was deemed to be the prevailing party in that action.

4. That since the Attorney General declined to appear on behalf of defendant Hoof in the subject lawsuit, and defendant Hoof was deemed to be the prevailing party in that action, he is entitled under the Act to indemnification by the State for reasonable attorneys fees incurred in that litigation.

5. That the Claimant herein rendered services in the amount of $7,750.00 in defending Wilson Hoof as described above, such sum being reasonable for said representation, and the Respondent should reimburse the Claimant therefor.

6. That Respondent therefore agrees to the entry of an award in favor of Claimant, Cornfield and Feldman, in the amount of $7,750.00 (seven thousand, seven hundred fifty dollars and no/cents), in full and final satisfaction of the claim herein.

This Court is not bound by such stipulations and we cannot acquiesce in approving the one at bar based on the following reason. The Claimant, if entitled to be paid for the services rendered, is only so entitled based on "An Act to provide for representation and indemnification in certain civil law suits." (Ill. Rev. Stat., ch. 127, par. 1301 *et seq.*) This Court has previously decided that payments made pursuant to that Act are to be paid "from the State Treasury on the warrant of the Comptroller out of appropriations made to the Department of Central Management Services specifically designed for the payment of * * * (such claims)." (Ill. Rev. Stat., ch. 127, par. 1302(e)(i).) No action by the Court of Claims is required to effect payment. See *Norman v. State* (1983), 35 Ill. Ct. Cl. 895-908, a series of decisions, and, in particular, the Court's decisions in *Lin*

*v. State* (1988), 41 Ill. Ct. Cl. 80 and *Lin v. State* (1989), 41 Ill. Ct. Cl. 80.

Accordingly, it is hereby ordered that this claim be, and hereby is, dismissed.

## ORDER ON MOTION TO RECONSIDER

Montana, C.J.

This cause comes on to be heard on the Respondent's motion to reconsider, due notice having been given, and the Court being advised;

On March 7, 1990, the Court entered an order which dismissed this claim. Respondent's motion states in pertinent part as follows:

1. That this Court denied this claim for attorney fees on March 7, 1990, on the grounds that Claimant's entitlement to an award, if any, would be based on the Representation and Indemnification of State Employees Act (Ill. Rev. Stat. 1987, ch. 127, par. 1301 *et seq.*), and that payment made pursuant to the Act is to be made "out of appropriations made to the Department of Central Management Services specifically designed for the payments of ° ° ° (such claims)."

2. That the claim herein was brought only because of the depletion of the said fund, such that Claimant's only recourse is the instant claim before this Court.

The Court takes judicial notice that the fund is often depleted. However, we do not find that to be sufficient grounds for overturning our March 7, 1990, decision. The Court of Claims is not the forum to turn to when appropriations have been exhausted. There was no money in the fund when *Lin v. State* (1988), 41 Ill. Ct. Cl. 80 and *Lin v. State* (1989), 41 Ill. Ct. Cl. 80, were decided. The Claimant had to wait.

Claimant does have recourse. New funds will in all likelihood be appropriated. Had Claimant made application to the Department of Central Management

Services at the time this action was filed, Claimant would likely have been paid, if entitled to be paid, sooner than it would by collecting through the Court of Claims. The Court of Claims is not authorized by section 24 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.24) to pay such an award directly and could not pay the award sought without seeking and obtaining an appropriation from the legislature. Funding of "An Act to provide for representation and indemnification in certain civil lawsuits" is the prerogative of the General Assembly.

It is hereby ordered that the motion at bar be, and hereby is, denied.