(No. 90-CC-2488–■■■■)

PATRICK T. MURPHY, Cook County Public Guardian, *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 27, 1990.*

PATRICK T. MURPHY, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MONTANA, C.J.

The Claimants herein brought this claim seeking payment of $135,000.00 in actual damages and $8,126.61 in expenses arising out of a lawsuit filed in the U.S. District Court for the Northern District of Illinois, Eastern Division, No. 87-C-8150, informally entitled *Doe v. Lambert.* The case is before this Court on a joint stipulation whereby the parties have agreed to our entering an award in the full amount sought.

In relevant part the stipulation reads as follows:

"1. That on September 22, 1987, Patrick T. Murphy, Cook County Public Guardian, filed an action for damages in the United States District Court for the Northern District of Illinois, Eastern Division, ° ° °, No. 87-C-8150 ("*Doe, et al. v. Lambert, et al.*").

2. That *Doe, et al. v. Lambert, et al.* arose from the alleged abuse of ° ° ° (name deleted by Court), and the abuse and killing of ° ° ° (name deleted by Court), allegedly by their foster parents, Ann and Sylvester Phillips.

3. That the instant cause, filed on March 13, 1990, seeks payment pursuant to a settlement reached between the parties hereto in *Doe v. Lambert,* the terms of which are attached hereto, and are incorporated herein and made a part hereof.

4. That the parties hereto have agreed to the disposition of this claim predicated on the terms and provisions of their settlement of *Doe v. Lambert,* and respondent hereby agrees to the entry of an award in favor of claimants in the amount of $143,126.61 (ONE HUNDRED FORTY-THREE THOUSAND ONE HUNDRED TWENTY-SIX DOLLARS AND SIXTY-ONE CENTS), in full and final satisfaction of the claim herein."

The settlement agreement consists of a letter from counsel for the Respondent to counsel for the Claimants, dated January 26, 1990, which reads as follows:

"The State of Illinois through the Illinois Court of Claims agrees to pay plaintiff a total of $143,126.61 to fully resolve the above-entitled case. The $143,126.61 is a bottom line figure. Plaintiff agrees to waive attorneys' fees and any and all other claims of any kind.

In addition, we previously agreed that our settlement agreement will incorporate the following language:

Any payment made through the court of claims or by the Department of Children and Family Services and/or by the State of Illinois or any agency thereof to * * * (name deleted by Court) and the Estate of * * * (name deleted by Court) pursuant to this settlement agreement shall not affect the subsidized adoption agreement by which * * * (name deleted by Court) has been adopted by * * * (name deleted by Court). At the time this settlement agreement has been entered into, Mrs. * * * (name deleted by Court) is receiving $396.00 per month by way of the subsidized adoption of * * * (name deleted by Court) and * * * (name deleted by Court) under the terms of that agreement is receiving therapy. By entering into this agreement and giving * * * (name deleted by Court) certain funds the Department of Children and Family Services through its agents and attorneys guarantee and agree that no agent of the Department of Children and Family Services shall consider this payment when determining whether the subsidized adoption agreement shall continue and under what circumstances it shall continue.

If you accept, please sign below and return to me."

The letter was signed by counsel for the parties. There is nothing in the record to indicate that the Federal court approved the settlement.

This Court is not bound by such settlements and, for the reasons stated hereinbelow, decline to approve this one.

As evidenced by exhibit A attached to the complaint, the underlying Federal court case was brought pursuant to 42 U.S.C. 1983. That case was filed against individuals. The State of Illinois was not named as a defendant therein, nor could it have been under Federal law. The State's responsibilities under these circumstances would be as set forth in the Representation and Indemnification of State Employees Act (Ill. Rev. Stat., ch. 127, par. 1301, *et seq.*). If the circumstances are consistent with the terms and conditions set forth in the

Act, the Act provides, at section 2(e)(ii), that "The judgment or settlement shall be paid from the State Treasury on the warrant of the Comptroller out of appropriations made to the Department of Central Management Services specifically designed for the payment of claims covered by this Section."

The Representation and Indemnification Act does not provide for payment through the Court of Claims. The Court of Claims set forth its position on the issues in its decisions on the *Norman v. State* (1983), 35 Ill. Ct. Cl. 896 and, more recently, in *Lin v. State*, No. 84-CC-2219, Orders filed November 29, 1988 and June 12, 1989 (as yet unpublished), and *Cornfield & Feldman v. State*, No. 90-CC-2004, Order filed March 7, 1990 (as yet unpublished).

Acordingly, it is hereby ordered that this claim be, and hereby is, dismissed. It is further ordered that this decision be captioned for purposes of reporting and publication as *Patrick T. Murphy, Cook County Public Guardian, et al. v. State of Illinois* in order to maintain the anonymity of the person and estate on which behalf this claim was brought.