(No. 92-CC-1063—

PETER L. FOWLER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 24, 1992.*

PETER L. FOWLER, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General, for Respondent.

## ORDER

Montana, C.J.

This cause comes on to be heard on the Claimant's motion to strike the Attorney General of Illinois as attorney for the Respondent, and on the Court's own motion, due notice having been given, and the Court being advised, finds:

Claimant Peter L. Fowler, an inmate at Stateville Correctional Center, brought this action on November 18, 1991, seeking payment of $10,000.00 allegedly due him as the result of a settlement reached in a 42 U.S.C. 1983 action in a Federal court. Although it is not clear from his complaint, he appears to also be seeking $5,000.00 in attorneys' fees purportedly awarded to his counsel in that action. He asks that one of the commissioners of the Court of Claims open a savings account for him in the Chicago area and deposit $5,000.00 of the settlement and that the balance of the settlement be sent to him.

Claimant filed identical motions to strike the Attorney General as counsel for the Respondent in this matter on January 21, 1992, and on January 24, 1992. The Court cannot fully comprehend Claimant's reasons for the motion but it appears to us that he is alleging that the Attorney General reneged on certain terms of the purported settlement agreement concerning payment. Representation of the Respondent by the Attorney General is provided for in section 19 of the Court of Claims Act. (Ill. Rev. Stat., ch. 37, par. 439.19.) Claimant has stated nothing in his motion as to why this statute should not be

given full force and effect. Rather, with respect to this motion, Claimant has pleaded himself out of this Court. Assuming Claimant's allegations are true, settlement agreements in §1983 cases require approval of the Federal court and Federal court judgments can be enforced there. Therefore, Claimant is required to exhaust such a remedy before seeking final determination here pursuant to section 24—5 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations. Claimant's motion will be denied.

This case is also before the Court on the Court's own motion concerning jurisdiction. Jurisdiction may be raised at any time by any party and by the Court itself. Judgments in §1983 cases run against individuals and not the State. The individuals allegedly involved in this case were said to be employees of the State. The only way the State may be held responsible for payment of a §1983 judgment against them would be pursuant to the Representation and Indemnification Act (Ill. Rev. Stat., ch. 127, par. 1301 *et seq.*). Claimant has alleged that this Act applies and that he has received an assignment of the Act's coverage from the employees. It is pursuant to the Act that he brings this claim.

The Representation and Indemnification Act does not provide for payment through the Court of Claims. The Court set forth its position on that act in its decisions in *Norman v. State* (1983), 35 Ill. Ct. Cl. 896, and has consistently adhered to that position ever since. *Murphy v. State* (1990), 43 Ill. Ct. Cl. 354; *Cornfield & Feldman v. State* (1990), 42 Ill. Ct. Cl. 292; *Lin v. State* (1988, 1989), 41 Ill. Ct. Cl. 80.

For the foregoing reasons, Claimant's motion is hereby denied and this claim is hereby dismissed.